**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DEMARCUS OWENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00203-ACL |
| | ) | |
| GREGORY HANCOCK, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by state-court prisoner Demarcus Owens. ECF No. 1. Petitioner Owens moves to proceed *in forma pauperis*, or without prepayment of fees and costs in this matter. ECF No. 2. Upon review of the financial affidavit submitted in support of his motion, the Court has determined that Petitioner is unable to pay the filing fee. As such, the motion to proceed *in forma pauperis* will be granted and the filing fee waived. However, because the Petition appears to be time-barred, the Court will order Petitioner to show cause why the Petition should not be summarily denied and dismissed.

**Background**

Based on an independent review on Case.net, Missouri's online case management system, Petitioner was found guilty by a Missouri jury on November 13, 2019, of first-degree assault, unlawful possession of a firearm, unlawful use of a weapon, resisting a lawful detention, and multiple counts of armed criminal action. *State v. Owens*, No. 17NM-CR00207-01 (34th Jud. Cir., 2017). Petitioner was sentenced on January 14, 2020, to a total of life imprisonment plus fifteen (15) years. Petitioner's appeal of the conviction was denied and the judgment affirmed on March

23, 2021. *State v. Owens*, No. SD36510, 618 S.W.3d 271 (Mo. Ct. App. 2021). Petitioner did not file a motion to transfer to the Missouri Supreme Court.[1]

However, on June 9, 2021, Petitioner filed a motion for post-conviction relief in state court. *Owens v. State*, No. 21NM-CV00329 (34th Jud. Cir., 2021). The motion was denied on October 4, 2024. Petitioner appealed and the Missouri Court of Appeals affirmed the denial of Petitioner's Rule 29.15 motion on July 29, 2025. *Owens v. State*, No. SD38759 (Mo. Ct. App. 2024). The Court of Appeals issued its mandate denying the motion on September 12, 2025.

**§ 2254 Petition**

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the 2019 state court conviction detailed above. ECF No. 1 at 1. The Petition raises multiple grounds of alleged ineffective assistance of counsel and asserts one trial court error. *Id.* at 5-7. On the section form of the Petition regarding "Timeliness of Petition," Petitioner states: "Petition Timely Filed." *Id.* at 14. According to the signature page, the Petition was placed in the prison mailing system on August 26, 2026. *Id.* at 15.

**Legal Standards**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C.

---

[1] Although Petitioner indicates on his Petition that his motion to transfer to the Missouri Supreme Court for rehearing was denied, he did not provide a case number for that motion, and the Court was unable to independently verify that such a motion was filed. *See* ECF No. 1 at 2 (stating that the Missouri Supreme Court denied his motion for rehearing and transfer on an "[u]nknown" date and in an "[u]nknown" case number). In addition, the Court notes that the New Madrid Circuit Court's summary of Petitioner's case history in its denial of his motion for post-conviction relief does not include any reference to Petitioner filing a motion for transfer to the Missouri Supreme Court. *See Owens v. State*, No. 21NM-CV00329 (34th Jud. Cir., 2021) (J. issued Oct. 4, 2024).

§ 2244(d)(1). *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final, to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen days after the Missouri Court of Appeals affirms a conviction on direct appeal. *See Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. Sup. Ct. R. 83.02 (stating that a party seeking transfer to the Missouri Supreme Court must file an application for such transfer "within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

However, the AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); *see also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). State post-conviction relief proceedings are "pending" for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it but are not "pending" for the period between the end of direct review and the date of post-conviction application filing. *Maghee*, 410 F.3d at 475 (citing *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000); *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)). Additionally, under Missouri state court procedures, post-conviction relief proceedings

are not final until the issuance of the mandate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely).

**Discussion**

It appears that the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was filed out of time. As such, the Court will order Petitioner to show cause as to why the petition should not be denied and dismissed as time-barred.

Here, Petitioner's direct appeal was affirmed by the Missouri Court of Appeals in a judgment issued on March 23, 2021. Petitioner did not file a motion to transfer. Thus, his time for seeking direct review in the Missouri Supreme Court expired on April 7, 2021, fifteen days after the judgment was affirmed. However, Petitioner did not file his motion for post-conviction relief until June 9, 2021. As explained above, Petitioner's post-conviction proceedings were not "pending" between April 7 and June 9, 2021, so this 63-day period counts towards Petitioner's one-year statute of limitations under the AEDPA. On September 12, 2025, when the post-conviction mandate was issued, Petitioner's post-conviction proceedings became final, and the AEDPA period began running again. Because 63 days of the one-year period had already run, Petitioner needed to file his § 2254 petition within 289 days from the September 12, 2025, mandate, or by June 28, 2026.

"[A] *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), abrogated on other grounds by *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008). Petitioner states on his Petition that he delivered it to prison authorities for mailing on August 26, 2026. As such, the Petition was filed approximately 60 days late.

**Conclusion**

Therefore, it appears that Petitioner is approximately 60 days late in seeking federal habeas relief under § 2254 with this Court. As such, Petitioner will be directed to show cause as to why his § 2254 petition should not be dismissed as time-barred. Petitioner will be given thirty (30) days from the date of this Order in which to submit a written response. Failure to respond will result in the dismissal of this case without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Petitioner shall show cause, in writing and no later than **thirty (30) days** from the date of this Order, why the instant § 2254 Petition should not be denied and dismissed as time-barred.

**IT IS FURTHER ORDERED** that if Petitioner fails to comply with this Order, his § 2254 Petition will be dismissed without further proceedings.

Dated this 28th day of October, 2026.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE